IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MARCELINA LOPEZ FLORES,       )
                              )
      Plaintiff,         )
                              )
      v.                 )      1:23CV453
                              )
ISABEL ALFONSO RODRIGUEZ,     )
et al.,                       )
                              )
      Defendant(s).      )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis*. The form of the Complaint is such that serious flaws make it impossible to further process the Complaint. The problems are:

1. The filing fee was not received nor was a proper affidavit to proceed *in forma pauperis* submitted, with sufficient information completed and signed by Plaintiff, to permit review. Plaintiff submitted an *in forma pauperis* application but did not use the form approved by this Court for prisoners and, therefore, did not include the amounts deposited into his prison trust account in the past six months or the balance of that account. This information is needed to calculate Plaintiff's payment of the filing fee.

2. Plaintiff does not name proper defendants or give sufficient addresses for them to be served. Plaintiff must name the persons who are actually responsible for the alleged violations of his constitutional rights and provide addresses for service. Plaintiff provides no addresses. Also, any persons named as defendants in a suit under § 1983 must be state actors, which means they acted under color of state law in violating the Plaintiff's rights. It appears he seeks to name private persons, not state actors.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint.  To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).  Additionally, the Court notes that it appears Plaintiff seeks to raise claims challenging his criminal convictions.  He should be aware that he cannot raise such claims in an action under § 1983 without first showing that such convictions were reversed on direct appeal, expunged by Executive Order, declared invalid by a state tribunal, or, finally, called into question by a federal court through the issuance of a writ of habeas corpus.  Heck v. Humphrey, 512 U.S. 477 (1994).  If Plaintiff intends to file a Petition for Writ of Habeas Corpus challenging his conviction under 28 U.S.C. § 2254, he should request those forms from the Clerk's Office instead.

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.  The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

This, the 30th day of October, 2023.

/s/ Joi Elizabeth Peake
United States Magistrate Judge

3

Case 1:23-cv-00453-WO-JEP   Document 3   Filed 10/30/23   Page 3 of 3